IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Kenneth Sweeting, | ) | CASE NO. 7:14CV00187 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Dr. Daniel Miller, *et al.*, | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendants. | ) | |

Kenneth Sweeting, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming prison officials and medical staff ignored his food allergies in violation of the Eighth Amendment to the United States Constitution. Sweeting names the following individuals as defendants: Dr. Daniel Miller, head doctor of Wallens Ridge State Prison; Gregory Holloway, Warden of the Wallens Ridge State Prison; Harold Clarke, Regional Director for the Virginia Department of Corrections; and Fred Schilling, Director of Health Services for the Virginia Department of Corrections. This matter is now before me upon a motion to dismiss filed by Holloway, Clarke, and Schilling. For the reasons stated herein, I will grant their motion.

I. STATEMENT OF ALLEGED FACTS

In October 2011, medical officials at Sussex I State Prison ("Sussex") tested Kenneth Sweeting for bean allergies using a radioallergosorbent test ("RAST"). The results were positive, indicating that Sweeting was allergic to beans. The head nurse at Sussex therefore changed Sweeting's diet so that no beans would be included in any of his meals. Subsequently, Sweeting experienced allergic reactions to fish, so he requested and received an additional RAST. His second RAST indicated that he was allergic to milk products, beef, wheat, peanuts,

fish, shellfish, as well as beans. Accordingly, the head doctor at Sussex, Dr. Ulep, placed Sweeting on a strict diet which included none of the aforementioned foods.

In September 2012, Sweeting was transferred to Wallens Ridge State Prison ("WRSP"). He informed WRSP medical staff of Dr. Ulep's diet order, but Dr. Miller, the head doctor at WRSP, refused to honor Dr. Ulep's recommendation. Sweeting then continued to consume "regular" prison food despite his allergies. As a result, he experienced numerous allergic reactions and requested an additional appointment with Dr. Miller. During the examination, Dr. Miller looked over Sweeting's medical history, which showed he had no reported allergies upon entering the Virginia prison system. He therefore told Sweeting he did not believe he required the regimen ordered by Dr. Ulep. He did, however, place Sweeting on a "no fish" diet.

In November 2012, Sweeting filed a formal grievance regarding his treatment with Gregory Holloway, the Warden of WRSP. Holloway reviewed Sweeting's medical history and commissary purchases. He noted that Sweeting's commissary purchases were inconsistent with his claimed food allergies, and that Sweeting's medical record supported Dr. Miller's dietary recommendation. He therefore declined to change Sweeting's diet and directed him to notify WRSP medical officials if he continued to experience allergic reactions. Sweeting also wrote a letter to Harold Clarke, the Regional Director of the Virginia Department of Corrections, regarding Dr. Miller's alleged inadequate medical care. Fred Schilling, the Director of Health Services for the Virginia Department of Corrections, responded to Sweeting's letter, directing Sweeting to utilize the prison's grievance procedure regarding his complaint. Schilling also explained that he was "confident that the staff at [WRSP] provide excellent medical care and are committed to helping [Sweeting] through [his] medical issues." Pl.'s Compl. ¶ 22.

2

Case 7:14-cv-00187-NKM-RSB   Document 89   Filed 08/06/15   Page 2 of 5   Pageid#: 624

In February 2013, Sweeting was transferred back to Sussex, where he was again forced to eat normal prison meals despite his food allergies. He complained to Dr. Ulep, the doctor who originally diagnosed his allergies, but he refused to make any adjustments to Sweeting's diet order. Sweeting claims Dr. Ulep "refused to change and correct [his] diet back to his original diet order . . . [b]ecause he could only go off of the diet order that was fraudulently changed by . . . Dr. Miller." *Id.* ¶ 21. Because prison officials failed to address his dietary issues, Sweeting went on a "four day hunger strike." *Id.* ¶ 33. Eventually, Sweeting's mother became aware of her son's predicament, and on March 28, 2013, she wrote to Holloway directing him to change her son's diet. The next day, Sussex officials changed Sweeting's diet order so that he would no longer be served foods containing milk products, beef, wheat, peanuts, fish, shellfish, or beans.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.*

3

## III. DISCUSSION

It is well-established that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a deliberate indifference claim against non-medical prison personnel, as is the case here, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (citations omitted). Here, Sweeting's allegations are insufficient to show personal involvement on the part of Holloway, Schilling, and Clarke, and his claims against them must therefore be dismissed.

Plaintiff contends Holloway, Schilling, and Clarke violated his Eighth Amendment rights when they refused to correct his diet order in response to his grievances and complaints. However, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional violation] . . . and there is no liability under § 1983 for a prison administrator's response to a grievance or appeal." *Brown v. Virginia Dep't of Corrections*, No. 6:07-cv-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) ("Although the complaint alleges that [prison officials] responded inappropriately to [the prisoner's] grievances about his medical treatment, these allegations do not establish [the prison officials'] involvement in the [underlying violation]"). Moreover, "prison officials are entitled to rely on the expertise of prison health care providers." *Barnes*, 2014 WL 108548, at *6 (citations omitted). Accordingly, Plaintiff's allegations against Holloway, Schilling, and Clarke are insufficient to allege personal involvement, and his claims against them must be dismissed.

4

## IV. CONCLUSION

For the foregoing reasons, Holloway, Clarke, and Schillings' motions to dismiss will be granted. An appropriate order accompanies this memorandum opinion.

ENTER: This __6th__ day of August, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE