IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **KENNETH SWEETING,** | ) |
| | ) Case No. 7:14-cv-00187 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) |
| **DR. DANIEL MILLER,** *et al.*, | ) Norman K. Moon |
| | ) United States District Judge |
| Defendants. | ) |
| | ) |

Kenneth Sweeting, a Virginia inmate proceeding *pro se*, filed this Motion for Preliminary Injunction (docket no. 72) seeking to enjoin various prison officials from engaging in retaliatory harassment resulting from an earlier lawsuit Sweeney filed against the prison officials. For the reasons that follow, Sweeting's motion must be denied.

## I. FACTUAL BACKGROUND

Plaintiff Kenneth Sweeting, a Virginia inmate proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983 alleging that prison officials forced him to eat food to which he was allergic in violation of the Eighth Amendment to the United States Constitution. Sweeting named the following individuals as defendants: Dr. Daniel Miller, head doctor of Wallens Ridge State Prison; Gregory Holloway, Warden of the Wallens Ridge State Prison; Harold Clarke, Regional Director for the Virginia Department of Corrections; and Fred Schilling, Director of Health Services for the Virginia Department of Corrections.

Subsequently, Sweeting sought a preliminary injunction against the above defendants. Sweeting's Motion for Preliminary Injunction is at issue here. Sweeting alleges that he has been subjected to retaliatory harassment for "pursuing [his] lawsuit against" the above defendants. *See*

Motion for Preliminary Injunction (docket no. 72). Sweeting claims that correctional officers at Red Onion State Prison, the prison in which Sweeting is confined, tampered with his food, denied him showers, delayed delivery of his mail, and filed false reports against him in order to deprive him various prison privileges. *Id.* Though Sweeting does not allege that any of defendants in this case directly harassed him, Sweeting suggests that Defendant Howard Clarke ordered Red Onion State Prison correctional officers to engage in this conduct in order to retaliate against Sweeting for filing his initial § 1983 suit.

After Sweeting filed this Motion for Preliminary Injunction, I dismissed Sweeting's underlying § 1983 action against Defendants Holloway, Clarke, and Schillings for failing to state a claim upon which relief can be granted (docket no. 89). I then granted summary judgment in favor of the final defendant, Defendant Miller (docket no. 92).

## II. LEGAL STANDARD

A preliminary injunction constitutes "an extraordinary remedy" granted only at the discretion of the Court. *Real Truth About Obama v. Fed. Election Comm'n*, 575 F. 3d 342, 345 (4th Cir. 2009), *vacated on other grounds* 559 U.S. 1089 (2010), *reissued in part* 607 F.3d 355 (4th Cir. 2010) (reissuing parts I and II of the opinion concerning preliminary injunctions). To obtain a preliminary injunction, a plaintiff must show: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The party seeking injunctive relief must carry the burden of persuasion on each of the four elements by "a clear showing." *Real Truth*, 575 F.3d at 345; *accord Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d

2

ed. 1995) (emphasis added; footnotes omitted)). Further, courts must "balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 9.

### III. DISCUSSION

In order to obtain a preliminary injunction, Sweeting must first make a clear showing "that he is likely to succeed on the merits" of his underlying claim. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because I have already dismissed Sweeting's underlying § 1983 claim against Defendants Holloway, Clarke, and Schillings, and because I have already granted summary judgment in favor of the final defendant, Defendant Miller, Sweeting's initial § 1983 claim alleging a violation of the Eighth Amendment obviously cannot serve as the basis of this preliminary injunction. However, I read Sweeting's Motion for Preliminary Injunction as stating a new claim—a claim that his right of meaningful access to the courts has been burdened by Defendants' alleged retaliatory harassment—and will therefore assume that Sweeting's motion for a preliminary injunction is not moot.

It is well established that "[s]tate prisoners have a constitutional right of meaningful access to the courts which a state may not abridge nor impair; nor may it impermissibly burden its exercise." *Hudspeth v. Figgins*, 584 F.2d 1345, 1346 (4th Cir. 1978); *see also Bounds v. Smith*, 430 U.S. 817, 823–834 (1977). Once judicial proceedings have commenced, prison officials may not punish a prisoner for having sought judicial remedies. *Hudspeth*, 584 F.2d at 1346; *Russell v. Oliver*, 552 F.2d 115, 116 (4th Cir. 1977). In order to succeed on a retaliation claim, a plaintiff must present more than mere conclusory allegations of retaliation. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Rather, a plaintiff must allege facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. *See*,

3

*e.g.*, *Wagner v. Wheeler,* 13 F.3d 86, 90–91 (4th Cir. 1993) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action"). In addition to establishing causation, the plaintiff must allege facts indicating that, as a result of the retaliatory action, he suffered some adverse impact on the continued exercise of his constitutional rights. *American Civil Liberties Union v. Wicomico County*, 999 F.2d 780, 786 (4th Cir. 1993) (finding that mere inconvenience in exercise of constitutional rights not adverse enough to constitute actionable retaliation). It is important to emphasize that mere "temporal proximity" between the inmate's protected activity and the official's allegedly retaliatory action "is simply too slender a reed on which to rest" a §1983 retaliation claim. *Wagner*, 13 F.3d at 91.

I find that Sweeting is unable to establish by a clear showing that he is likely to succeed on the merits of his retaliation claim. While Sweeting's Motion for Preliminary Injunction is replete with examples of alleged misconduct on the part of Red Onion State Prison correctional officers,[1] he adduces no evidence that any of the four named defendants in this case ordered the correctional officers to engage in such conduct, or, if they did, that they did so because of Sweeting's § 1983 suit. Rather, Sweeting "point[s] out" merely that Defendant Harold Clarke "has the power to contact Red Onion State Prison authorities" and "inform them that I am suing him and order Red Onion authorities to harass me." *See* Motion for Preliminary Injunction, docket no. 72. Sweeting makes no claim, and provides no evidence, that Clarke actually ordered the correctional officers to harass Sweeting. Rather, Sweeting points to the fact that the alleged harassment began after the Defendants filed their motions to dismiss. The Fourth Circuit has

---

[1] Sweeting alleges, for instance, that correctional officers tampered with his food; delayed delivery of his mail; denied him showers and, conversely, forced him to take three hour long showers; and made false reports against him resulting in the deprivation of certain prison privileges. *See* Motion for Preliminary Injunction, docket no. 72.

4

made clear, however, that "mere temporal proximity" between the alleged harassment and Sweeting's exercise of his constitutional right is insufficient to support a § 1983 retaliation claim. *Wagner*, 13 F.3d at 91. Because Sweeting is unable to demonstrate by a clear showing that he is likely to succeed on the merits of his underlying retaliation claim, his motion for a preliminary injunction must be denied.

## IV. CONCLUSION

For the heretofore stated reasons, Plaintiff's motion for a preliminary injunction will be denied. An accompanying Order will be issued. The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to all parties.

ENTERED This __20th__ day of August, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE